UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK COSTA, M.D., and MARILYN CHOWN, <br><br> Plaintiffs, <br><br> v. <br><br> WRIGHT MEDICAL TECHNOLOGY, INC., and WRIGHT MEDICAL GROUP, INC., <br><br> Defendants. | Civil Action No. 17-cv-12524-ADB |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

This products liability action concerns the ProFemur Plus CoCr Modular Neck, PHAC1254 (the "Component"), an allegedly defective hip implant component that was designed and marketed by Wright Medical Technology, Inc and Wright Medical Group, Inc ("Wright Medical" or "Defendants"). Plaintiff Mark Costa, M.D., who underwent a total hip replacement in 2011, brought this action, together with his wife, Marilyn Chown, after he suffered a catastrophic fracture of the cobalt-chromium Component in his hip. Before the Court is a discovery dispute concerning the scope of a request for so-called cloned or piggyback discovery that has been generated in other lawsuits involving alleged failures of ProFemur devices similar to the Component. For the reasons explained herein, Plaintiffs' motion to compel discovery, ECF No. 37, is GRANTED in part and DENIED in part.

## I. DISCUSSION

Under Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." "Materials produced and deposition testimony given in other litigation is generally discoverable upon a showing of substantial similarity between the prior and current actions." Town of Westport v. Monsanto Co., No. 14-12041-DJC, 2015 WL 13685105, at *3 (D. Mass. Nov. 5, 2015) (citing Capital Ventures Int'l v. J.P. Mortg. Acquisition Corp., No. 12-10085-RWZ, 2014 WL 1431124, at *1–2 (D. Mass. Apr. 14, 2014); see also Lillibridge v. Nautilus Ins. Co., No. 10-4105-KES, 2013 WL 1896825, at *5 (D.S.D. May 3, 2013); Carter-Wallace, Inc. v. Hartz Mountain Indus., Inc., 92 F.R.D. 67, 70 (S.D.N.Y. 1981)). So-called cloned discovery is often attractive to litigants because it can reduce the burden and expense of obtaining relevant information and help the parties narrow the issues in dispute more rapidly than they otherwise could. See, e.g., Waters v. Earthlink, Inc., No. 01-11887-REK, 2004 WL 6000237, at *3 (D. Mass. Dec. 1, 2004); Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC, No. 14-2376, 2016 WL 7115952, at *3 (D. Md. Dec. 7, 2016).

Here, Plaintiffs move to compel production of documents responsive to their Request for Production No. 35 ("RFP No. 35"), which reads:

> Please produce all documents and data, including deposition transcripts, from all other matters commenced against you regarding injuries and/or death alleged to be related to corrosion, disassembly, pseudotumors, fractures of the modular neck, elevated Cobalt and/or Chromium serum levels in patients, or adverse local tissue reaction and the use of the Product.

[ECF No. 37 at 1]. "Product" is defined as the "Wright Medical ProFemur Plus CoCr Modular Neck, PHAC1254." [ECF No. 37-1 at 5].

The parties agree that Defendants have previously litigated cases concerning failures of products with similarities to the Component. Plaintiffs' request, however, includes cloned

2

discovery from cases that relate to failures in ProFemur necks that, unlike the Component, were made with titanium, and from cases that concern a type of product failure different-in-kind from the fracture of the Component. See [ECF No. 37]. Defendants argue that none of those cases are so similar that cloned discovery is appropriate, that cloned discovery concerning titanium ProFemur necks is not responsive to RFP No. 35, and that the requested cloned discovery is, more generally, of limited relevance and disproportionate to the needs of this action. See [ECF No. 38].

The Court agrees that Plaintiffs are not entitled to cloned discovery from cases concerning titanium ProFemurs because that product is distinct from the product at issue here and cloned discovery from those cases would likely result in production of information with little or no relevance to this case.[1] Similarly, cloned discovery from cases that do not involve the fracture of a ProFemur neck is unwarranted because those cases are not "substantially similar." Monsanto Co., 2015 WL 13685105, at *3.

Defendants assert that there has been only one other case that involved an alleged fracture of the Component in which depositions of its employees were conducted and that cloned discovery from that case would be prejudicial because the case involved claims against MicroPort, a company that acquired Defendants' orthopedics business in 2014 and recalled the Component in 2015.[2] [ECF No. 38 at 5–6]. The cases, however, are substantially similar because both involve claims stemming from fractures of the Component, even though MicroPort,

---

[1] Plaintiffs assert that Defendants stopped marketing the titanium alloy ProFemur and instead began manufacturing the ProFemur using the cobalt-chromium alloy in reaction to an increasing number of reported failures of the titanium variety. [ECF No. 1 ¶ 37].

[2] To the extent that RFP No. 35 seeks discovery produced by parties other than the Defendants and MicroPort Orthopedics, Inc. (and associated entities), that information is likely to be Plaintiff-specific and less relevant to the issues in this case. The Court will restrict the scope of the compelled discovery accordingly.

3

which was voluntarily dismissed from this case without prejudice, see [ECF No. 13], is no longer a defendant here.

## II. CONCLUSION

Accordingly, Defendants shall produce all documents and data, including deposition transcripts, that were produced by Defendants or MicroPort Orthopedics, Inc. from cases based on the alleged fracture of a ProFemur Plus CoCr Modular Neck, PHAC1254. Plaintiffs' request to compel production of documents in response to RFP No. 35 is otherwise denied.

**SO ORDERED.**

January 4, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE